UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RUTH ANN VAN DONSLEAR,<br><br>Plaintiff,<br><br>vs.<br><br>KIRK WILES, KENWAY FOODS, INC., and KENWAY FOODS II, INC.,<br><br>Defendants. | 4:17-CV-04129-KES<br><br><br>ORDER TO OBTAIN COUNSEL |

On April 12, 2019, the court granted attorney Benjamin L. Kleinjan's motion to withdraw as counsel for defendants (Docket 37). Docket 40. Generally, parties are able to represent themselves *pro se. See* 28 U.S.C. § 1654. But the Eighth Circuit has held that § 1654 does not apply to corporations. *Carr Enters. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (reasoning that § 1654 "has never been interpreted to allow an individual to appear for a corporation *pro se.*"). The rule requiring corporations to be represented by an attorney applies to limited liability companies and corporations with one sole shareholder. *See, e.g., Superior Composite Structures, LLC v. Abersham Commercial, Ltd.*, No. 10-CV-4066-KES, Docket 32 (D.S.D. Apr. 29, 2011) (refusing to allow limited liability corporation to be represented pro se); *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 646 n.1 (D. Minn. 2002) ("Even sole shareholders of corporations are prohibited

from representing such corporations *pro se.*"); *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (refusing to allow counsel for a limited liability company to withdraw without substitution). Defendants Kenway Foods, Inc., and Kenway Foods II, Inc. are corporations that cannot be represented by a non-attorney. Thus, it is

ORDERED that Kenway Foods, Inc. and Kenway Foods II, Inc. have 30 days to secure new counsel. Failure to obtain counsel by September 7, 2019 will result in dismissal of this matter without prejudice.

Dated August 7, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE